755 So.2d 489 (1999)
Mark LAIRD a/k/a Mark Lang Laird, Appellant,
v.
STATE of Mississippi. Appellee.
No. 98-KA-00278-COA.
Court of Appeals of Mississippi.
May 4, 1999.
Robert E. Evans, Monticello, Henrietta Sweeney, McGee, Attorneys for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
LEE, J., for the Court:
¶ 1. Mark Laird, also known as Mark Lang Laird, was convicted on felony shoplifting charges. From this conviction, he perfects his appeal to this Court and argues several grounds on which he is entitled to have his case reversed, or in the alternative, be granted a new trial. Laird argues the following issues for our review: (1) the trial court erred when it ruled that felony shoplifting is a crime of dishonesty or false statement and thus mention to a jury of the same is always admissible under Mississippi Rules of Evidence 609(a)(2) and not within the discretion of the trial court, (2) he received ineffective assistance of counsel, (3) he was not afforded his right to due process, compulsory process and competent counsel as guaranteed by Amendments V, VI, and XIV of the United States and by Article 3, §§ 14, 26, and 32 of the Constitution of the State of Mississippi, as well as, a possible denial of his right to trial by an impartial jury as guaranteed by Amendment VI to the Constitution of the United States and by Article 3, § 26 of the Mississippi Constitution, (4) the trial court erred in allowing a trial day amendment to Laird's indictment and allowing the State not to comply with Laird's discovery request and, (5) the weight and sufficiency of the evidence did not support a conviction, therefore the trial court erred by overruling Laird's motion for directed verdict of acquittal and by denying his request for peremptory instruction of not guilty and by overruling his motion for judgment notwithstanding the verdict. After a review of the record and applicable law, this Court holds the first issue has merit and remands the case for a new trial.

FACTS
¶ 2. On May 19, 1996, in Jefferson Davis County, Mississippi, Mark Laird, the appellant, was accused of shoplifting two pairs of earrings from Fred's Dollar Store in Prentiss, Mississippi. On October 30, 1996, a Jefferson Davis County, Mississippi, grand jury returned an indictment charging Laird with felony shoplifting. On February 20, 1997, the jury returned a *490 verdict of guilty against Laird for the crime of felony shoplifting.
¶ 3. Testimony at the trial revealed that upon Laird attempting to exit Fred's Dollar Store the sensor alarm at the store's exit sounded. Laird was immediately approached by the store's office clerk. The clerk inquired whether Laird had made a purchase, and he answered in the negative. The clerk had Laird go back through the alarm system and the alarm sounded. The clerk testified that Laird "kept sticking his hands in his pockets and pulling them out with nothing, saying `I don't have anything, I don't have anything.'" The clerk continued to question Laird and eventually, Laird disclosed two pairs of earrings from out of his pocket. Laird handed the two pairs of earrings to the store clerk and proceeded to walk out of the store. The clerk followed Laird out of the store. Laird attempted to get in a van parked in front of the store which was owned by J.L. Laird; however, Mark Laird was unable to obtain a ride in the van. Laird exited the van and started walking to downtown Prentiss. The clerk called the police, and Laird was later found and taken back to Fred's for questioning.
¶ 4. The officer who brought Laird to Fred's for questioning inquired whether the clerk was willing to sign a statement. The sales clerk said yes and signed an affidavit which said that Laird had taken the two pairs of earrings without paying for them.
¶ 5. At trial, Laird testified and explained that he was merely holding the two pairs of earrings for Ms. Campbell, a friend. When he and Ms. Campbell were in the checkout line she asked him to go and see if J.L. Laird was still in the parking lot. Mark Laird further testified his intent was not to walk out of the store with the earrings. At no time, either during his questioning by the office clerk and the police, or even after being charged with the crime of shoplifting, did Laird ask Ms. Campbell to verify his story.
¶ 6. On appeal, Laird argues several issues as a basis for either reversing the decision of the lower court, or in the alternative, granting him a new trial. It is only necessary that the Court address the first of these issues which addresses whether the trial judge improperly applied the Mississippi Rules of Evidence in determining that a prior felony shoplifting conviction was admissible during the cross-examination of Laird by the State.
¶ 7. Before the trial, defense counsel filed a motion in limine to exclude information relative to all prior convictions for Laird, including a prior felony shoplifting conviction. The trial court made an on-the-record determination that prior misdemeanor convictions would not be admitted; however, under Mississippi Rule of Evidence 609(a)(2) a prior felony conviction would be admissible as a crime of dishonesty and was not within the discretion of the trial court.

I. WHETHER THE TRIAL JUDGE ERRED IN ADMITTING EVIDENCE OF THE PRIOR CONVICTION UNDER MISSISSIPPI RULES OF EVIDENCE 609(a)(2).
¶ 8. Appellant argues the trial court erred in admitting his prior felony conviction under Mississippi Rule of Evidence 609(a)(2). Rule 609 allows certain prior convictions to be introduced to impeach the credibility of a witness. For the purpose of Laird's appeal, Mississippi Rule of Evidence 609(a)(1) and (2) read as follows:
For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.
*491 Laird argues that the trial court, pursuant to Mississippi Rule of Evidence 609(a)(2), made a wrongful determination when holding shoplifting is a crime of dishonesty and thus is always admissible with no discretion on the part of the trial court.
¶ 9. Counsel for Laird had appropriately filed a motion in limine to exclude the evidence of Laird's prior convictions. The motion in limine was considered by the court after the State rested its case. The court stated:
Then let the record show that pursuant to Rule 609(a)(2) the Court finds that felony shoplifting involves dishonesty and, therefore, under Rule 609(a)(2) and the comments thereunder which state the admission of prior convictions involving dishonesty or false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and are always to be admitted.
Thereafter, the court denied the motion in limine and allowed the State to cross-examine Laird as to his prior felony shoplifting conviction. While this Court agrees with the finding of the trial court, in so far as shoplifting is capable of being classified as a crime of dishonesty, unfortunately, the majority of case law, including Mississippi, does not share this opinion.
¶ 10. After careful review of the aforementioned facts and relative case law we must follow the precedent of the Mississippi Supreme Court and find that the trial judge committed error when he classified shoplifting as crimen falsi (i.e., a crime involving dishonesty or false statement) and automatically allowed the admission of such a crime to impeach Laird under Mississippi Rules of Evidence 609(a)(2). In Blackman v. State, 659 So.2d 583, 585 (Miss.1995)., the court stated:
It is elementary by now, that the use of prior convictions for impeachment is governed by Rule 609 of the Mississippi Rules of Evidence. That rule restricts the use of convictions to those for which the penalty is death or imprisonment for one year or more or those involving "dishonesty or false statement." M.R.E. 609(a). The Comment explains that "the phrase `dishonesty or false statement' in 609(a)(2) means crimes such as perjury, false statement, fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi...." Comment, M.R.E. 609. While there is a split of authority on the question whether theft crimes such as larceny and shoplifting should be categorized as crimen falsi, historically they have not been and this Court has adopted the majority view they are not. (citations omitted).
¶ 11. Even though this Court holds the trial judge erred, and we are remanding this case for a new trial, this Court urges that the Supreme Court review its holdings on whether shoplifting should be classified as a crime of dishonesty for purposes of impeachment. The crime of shoplifting as defined by § 97-23-93 of the Mississippi Code Annotated (Rev.1994), is an act of concealing property or relative information of the correct value of the property from the rightful owner with the intent to convert such merchandise to their own use and by its very nature, is dishonest and contains elements of deceit. Nevertheless, this Court holds this assignment of error has merit, and we, therefore, reverse and remand the case for a new trial.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST JEFFERSON DAVIS COUNTY.
SOUTHWICK, P.J., BRIDGES, DIAZ, PAYNE, AND THOMAS, JJ., CONCUR.
COLEMAN, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., AND KING, P.J.
*492 IRVING, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., AND BRIDGES, J.
COLEMAN, J., concurring:
¶ 13. I concur with the majority's reversal and remand of Laird's conviction of felony shoplifting. I write separately because I decline to acquiesce in the statement found in ¶ 9 that "this Court agrees with the finding of the trial court, in so far as shoplifting is capable of being classified as a crime of dishonesty, unfortunately, the majority of case law, including Mississippi, does not share this opinion." Moreover, with all possible deference to my esteemed colleagues in the majority, I decline to "urge[] ... the [s]upreme [c]ourt [to] review its holdings on whether shoplifting should be classified as a crime of dishonesty for purposes of impeachment." (¶ 11) In my view, this Court's function is to abide by and to apply precedent as established by the Mississippi Supreme Court in a matter of fact way and leave the matter of editorializing about that court's opinions to the editors of our law journals and newspapers.
McMILLIN, C.J., AND KING, P.J., JOIN THIS SEPARATE OPINION.
IRVING, J., concurring:
¶ 14. I agree with the majority that this case should be reversed and remanded based upon the Mississippi Supreme Court's opinion in Blackman v. State, 659 So.2d 583, 585 (Miss.1995) that shoplifting is not classified as a crime involving dishonesty. I write to point out, however, that while evidence of the felony shoplifting conviction could never be admissible for impeachment purposes under Rule 609(a)(2) of Mississippi Rules of Evidence in light of the Blackman holding, it may be admitted under Rule 609(a)(1) which allows, for impeachment purposes, of evidence of the conviction of crimes that are punishable by death or imprisonment in excess of one year, if the court determines that the probative value outweighs its prejudicial effects on the party. There is no doubt that felony shoplifting is a crime punishable by imprisonment in excess of one year as Miss.Code Ann. § 97-23-93(5)(6)(7) (1972) provides in pertinent part:
(5) A person convicted of shoplifting merchandise for which the merchant's stated price is less than or equal to Two Hundred Fifty Dollars ($250.00) shall be punished as follows:
(6) Upon a third or subsequent shoplifting conviction the defendant shall be guilty of a felony and fined not more than One Thousand Dollars ($1,000.00), or imprisoned for a term not exceeding five (5) years, or by both such fine and imprisonment.
(7) A person convicted of shoplifting merchandise for which the merchant's stated price exceeds Two Hundred Fifty Dollars ($250.00) shall be guilty of a felony and, upon conviction, punished as provided in Section 97-17-41 for the offense of grand larceny.
¶ 15. On remand, if the situation should arise again, the trial judge may want to consider, under Rule 609(a)(1) of Mississippi Rules of Evidence, the admission of the evidence, which we today hold inadmissible under 609(a)(2).
McMILLIN, C.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.