984 So.2d 308 (2007)
Huey L. EVANS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00253-COA.
Court of Appeals of Mississippi.
September 25, 2007.
Rehearing Denied March 11, 2008.
*310 Lisa M. Ross, Jackson, attorney for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
*311 Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Huey L. Evans was found guilty by a jury in the Circuit Court of Newton County of four counts of sexual battery and sentenced to serve two consecutive life sentences and two consecutive twenty-year terms in the custody of the Mississippi Department of Corrections. He appeals his conviction and sentences, asserting numerous trial court errors, as well as arguing he was provided ineffective assistance of counsel. Finding no error in the decisions of the trial court, we affirm the conviction and sentence. Evans' claim of ineffective assistance of counsel is brought prematurely and is dismissed without prejudice, accordingly.

FACTS
¶ 2. The Newton County Sheriff's Department responded to a domestic disturbance call at the home of Evans on September 18, 2005. Upon the sheriff's arrival, Evans' fourteen-year-old step-daughter, R.C.J.[1], informed a deputy that Evans had taken nude pictures of her. R.C.J.'s brother corroborated R.C.J.'s accusations and directed the sheriff to a location in the home where the photographs were stored. One of the responding deputies testified at trial that he then read Evans' Miranda rights, and questioned Evans whether he had any inappropriate pictures of R.C.J. The deputies testified that Evans admitted he possessed nude photographs of R.C.J. and executed a consent to search form. Before the deputies entered Evans' home for the search, Evans warned the officers that they would find "kiddie porn" in his home. Fourteen-hundred floppy disks, several hundred data compact disks, and several boxes of child pornographic photographs were recovered from the search. During the search, Evans led the deputies to a computer in the home, inserted a compact disk and showed the officers photographs of him and R.C.J. engaged in sex acts and sexual intercourse. Evans was arrested and charged with four counts of sexual battery. At trial, R.C.J. testified that Evans forced her to perform oral sex and engage in sex and sex acts beginning at age ten and that the abuse had progressed until she was age twelve, when she moved with her mother temporarily to another state in 2003.
¶ 3. Evans was charged and convicted by a jury of four counts of sexual battery occurring during 2001. He was sentenced to serve two consecutive life sentences and two consecutive twenty-year terms, after serving the life sentences, in the custody of the Mississippi Department of Corrections. Evans appeals his conviction and sentence, asserting that the trial court erred in (1) denying his motions for suppression, for a continuance, and for a competency hearing, (2) advising him against a special venire, (3) limiting voir dire examination, (4) admitting certain testimony of the victim, (5) excluding evidence of the victim's past conviction, and (6) sentencing him too harshly. Additionally, Evans seeks reversal of his conviction, asserting that he was denied a fair trial due to (7) the ineffectiveness of his counsel and (8) overall cumulative error. Finding no error, we affirm Evans' conviction and sentence. Evans' claim of ineffective assistance of counsel is dismissed without prejudice.

DISCUSSION
I. DENIAL OF MOTIONS FOR SUPPRESSION, FOR CONTINUANCE, AND COMPETENCY HEARING
A. MOTION TO SUPPRESS
¶ 4. Evans asserts that the trial court erred in denying his motion to suppress *312 certain evidence obtained from his home and statements made by him. He asserts that the evidence was illegally obtained without a warrant and the statements were a product of the illegal search and seizure. Additionally, Evans asserts that he is not mentally competent and was unable to appreciate his right to refuse a search of his home. Evans argues that suppression was necessary because the evidence and statements were tainted as a fruit of the poisonous tree and that the trial court's failure to suppress necessitates reversal. The State argues that the trial court was correct in denying Evans' motion for suppression because Evans signed a consent to search the home and voluntarily spoke to the police.
¶ 5. The admissibility of evidence lies within the trial court's discretion and will only be reversed if this discretion is abused. Crawford v. State, 754 So.2d 1211, 1215(¶ 7) (Miss.2000). When reviewing a trial court's ruling on a suppression hearing, we must assess whether substantial credible evidence supports the trial court's finding, considering the totality of the circumstances. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999) (citing Magee v. State, 542 So.2d 228, 231 (Miss. 1989)).
¶ 6. At the hearing on Evans' motion to suppress, two sheriff's deputies testified that Evans gave free and voluntary consent to search his home.[2] A signed and executed consent to search form was introduced into evidence at trial purporting this voluntary consent. When a question arises concerning whether a defendant properly consented to a search, the burden lies with the defendant to show that he was impaired or suffered from diminished capacity. Moore v. State, 933 So.2d 910, 916 (¶ 20) (Miss.2006). Evans presented no evidence regarding his mental capability at the suppression hearing. We cannot find that the trial court erred in finding that Evans voluntarily and knowingly consented to the search of his home.
¶ 7. Furthermore, an argument for the suppression of a defendant's statement as a fruit of the poisonous tree can only be predicated upon statements made after an unlawful arrest, rather than statements made based on an unlawful search. Conerly v. State, 760 So.2d 737, 741 (¶¶ 10-11) (Miss.2000). In this case, Evans does not argue that he was unlawfully arrested and we forgo discussion of that argument, as well. The trial court did not err in denying Evans' motion for suppression.
B. COMPETENCY TO STAND TRIAL
¶ 8. Evans argues that the trial court erred in denying his motion for a competency hearing to determine whether he was fit to stand trial. Evans argues that because the judge suggested that a psychiatric evaluation be performed, he was entitled to a competency hearing pursuant to Uniform Rule of Circuit and County Court Practice 9.06. The State argues that Evans was not entitled to a competency hearing because Evans did not make the requisite showing at the evidentiary hearing on the matter that a psychiatric evaluation was warranted, and although the trial court suggested the performance of an psychiatric evaluation, that a competency hearing was not required.
¶ 9. Uniform Rule of Circuit and County Court Practice 9.06 requires that a *313 trial court order a psychiatric evaluation if it has reasonable grounds to believe that the defendant is incompetent to stand trial. The Rule further requires that if a reasonable ground exists to believe the accused is incompetent, then the trial court must also order a competency hearing. URCCC 9.06. However, if the trial court does not make the threshold finding that a reasonable ground exists, which indicates that the accused is incompetent to stand trial, then the Rule 9.06 requirement to order to grant a competency hearing never arises. In other words, if a trial judge orders a psychiatric evaluation without a reasonable question as to the defendant's competency, he is not also required order a competency hearing. See Magee v. State, 914 So.2d 729, 736-37(¶19) (Miss.Ct.App.2005) (holding that even if a judge orders a mental evaluation, this order does not entitle the defendant to an order for a competency hearing if the judge does not find that a reasonable ground exists to question the defendant's competency). Such is the issue before us presently. At the evidentiary hearing on Evans' motion for a psychiatric evaluation, the trial judge found that Evans had not presented sufficient evidence to warrant a granting of his motion. Notwithstanding this finding, the trial judge suggested that "it might be the most cautionary thing to have him examined." Because the trial judge did not find that a reasonable ground existed to suspect that Evans was mentally incompetent to stand trial, the court was not required to order a competency hearing pursuant to Rule 9.06. The trial court did not err in failing to grant Evans' motion for a hearing to determine his competency.
C. MOTION FOR CONTINUANCE
¶ 10. On the morning of trial, the State moved to amend the indictment against Evans to substitute the dates that the sexual battery was alleged. Initially the indictment against Evans assigned four specific dates to the counts of sexual battery, which were derived from the dates appearing on the recovered computer files containing the photographs depicting the sexual abuse of R.C.J. The amendment sought to substitute the specific dates assigned to the four counts of sexual battery for the language "on or about from a period from March 1, 2001 to November 30, 2001." The trial court granted the State's motion to amend the indictment, and Evans moved for a continuance; however, Evans' motion was denied. Evans appeals the trial court's denial of his motion for a continuance, asserting an abuse of discretion.
¶ 11. We review a trial court's denial of a motion for continuance for an abuse of discretion. Shelton v. State, 853 So.2d 1171, 1181(¶ 35) (Miss.2003). A conviction will not be reversed based on the denial of a motion for a continuance unless the decision resulted in a manifest injustice. Id.
¶ 12. Evans argues that had a continuance been granted, he could have better prepared the computer expert he had retained to testify regarding whether the dates and times associated with the provocative and nude photographs of R.C.J. could have been manipulated on the computer. However, Evans makes no argument as to how the difference in the dates and times appearing with the photographs would exonerate him or become essential to his defense. "Unless time is an essential element or factor in the crime . . . an amendment to change the date on which the offense occurred is one of form only." Baine v. State, 604 So.2d 258, 261 (Miss. 1992). An indictment may be amended as to form without implicating a defendant's substantial rights so as to deprive him of a fair trial. UCCCR 7.09. The trial court *314 did not err in allowing the indictment against Evans to be amended as to its form.
II. LIMITING VOIR DIRE
¶ 13. Evans argues that the trial court abused its discretion in limiting his voir dire of the jury to twenty-six minutes, and attributes the limitation to his lawyer's failure to question members of the jury as to whether they, a family member or close friend had been the victim of a sexual assault. The State contends that Evans is procedurally barred from asserting this issue because no objection was made at trial.
¶ 14. Failure to raise a timely objection constitutes waiver of the issue on appeal. Wells v. State, 903 So.2d 739, 742(¶ 6) (Miss.2005). "[A] party who fails to make a contemporaneous objection at trial must rely on plain error to raise the issue on appeal, because it is otherwise procedurally barred." Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001) (citing Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994)). Only an error so fundamental that it creates a miscarriage of justice rises to the level of plain error. Dixon v. State, 953 So.2d 1108, 1116(¶ 22) (Miss. 2007). Error is plain when it violates the substantive rights of a defendant. Id.
¶ 15. Uniform Rule of Circuit and County Court Practice 3.05 grants a trial judge the discretion to set a reasonable time limit for voir dire. The record reflects that the trial judge used this discretion and allotted ten minutes for voir dire. However, by Evans' own admission, his lawyer exceeded the time limitation and continued voir dire for twelve more pages in the transcript. Within this time period, Evans' lawyer had plenty of time to pose a specific question to the potential jurors regarding their past experience with the crime of sexual assault. The failure of Evans' counsel to ask a question regarding sexual assault during voir dire cannot be attributed to trial court error. Therefore, we do not find plain error and further find the trial judge did not abuse his discretion in imposing a time limitation for voir dire.
III. SPECIAL VENIRE
¶ 16. Before trial, Evans moved for the impaneling of a special venire pursuant to Mississippi Code Annotated section 13-5-77 (Rev.2002); however, he withdrew his motion on the morning of trial. After the jury had been paneled, qualified, and sworn, Evans again moved for the impaneling of a special venire. The trial court advised Evans that the motion would be granted, but offered that since the jury panel had already been paneled and qualified and had yet to hear a criminal matter during that term of court, that trial could proceed without a special venire if he chose to abandon his request. Evans obliged and withdrew his motion for a special venire and the trial proceeded. On appeal, Evans asserts that the trial court abused its discretion in advising him to abandon his request for a special venire; however, he cites no authority on this issue. Thus, this issue is without merit.
IV. ADMITTING TESTIMONY OF VICTIM REGARDING EVANS' CONDUCT WITH THIRD PARTIES
¶ 17. At trial, R.C.J. testified that Evans requested that she invite some of her friends to their home so that he could photograph her and her friends. Evans argues that the trial court erred in admitting R.C.J.'s testimony because it concerns his illegal contact with others. Our review of the record finds that Evans has incorrectly characterized R.C.J.'s testimony regarding Evans' instruction as testimony regarding Evans' conduct with third parties. *315 No testimony was elicited or divulged regarding Evans' conduct with third parties. The victim simply testified as to Evans' requests of her, which was admissible testimony. This issue has no merit.
V. EXCLUDING QUESTIONING REGARDING R.C.J.'S CREDIBILITY
¶ 18. Evans sought to attack R.C.J.'s credibility and show that she had a motive to lie for ill will by introducing evidence at trial regarding a juvenile adjudication of a shoplifting charge. Notwithstanding the prohibition on the use of a juvenile adjudication for the purpose of impeachment,[3] the crime of shoplifting cannot be used for impeachment purposes because it is not a crime categorized as crimen falsi. Blackman v. State, 659 So.2d 583, 585 (Miss.1995); Laird v. State, 755 So.2d 489, 491(¶ 10) (Miss.Ct.App. 1999). The trial court did not err in excluding Evans' questioning regarding R.C.J.'s juvenile shoplifting adjudication.
VI. HARSH SENTENCE
¶ 19. Evans asserts that his sentences are violative of the United States and the Mississippi Constitution because they are too harsh. For two of the sexual battery counts, Evans was sentenced to the statutory maximum. See Miss.Code Ann. § 97-3-101(3) (Rev.2006). Evans was sentenced to the statutory minimum for the remaining two counts of sexual battery. See Id.
¶ 20. Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Nichols v. State, 826 So.2d 1288, 1290(¶ 10) (Miss.2002). Generally, a sentence that does not exceed the maximum term set by statute will not be disturbed upon appeal. Fleming v. State, 604 So.2d 280, 302 (Miss. 1992). Only when a sentence is grossly disproportionate in comparison to the crime committed may an appellate court consider whether a sentence is too harsh. Johnson v. State, 950 So.2d 178, 183(¶ 22) (Miss.2007). Evans was convicted of repeatedly sexually battering his step-daughter during a time period when she was eleven years of age. In light of the evidence put forth supporting Evans' guilt, and the nature of the crime of which he was convicted, we cannot find that Evans' sentences were grossly disproportionate or constitutionally violative.
VII. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 21. Evans argues that he received ineffective assistance of counsel based on several grounds. He seeks reversal of his conviction based upon the alleged ineffectiveness. When an appellate court is presented with a claim of ineffective assistance of counsel by direct appeal, we are to dismiss the claim without prejudice unless "(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Colenburg v. State, 735 So.2d 1099, 1101(¶ 5) (Miss.Ct. App.1999) (citing Read v. State, 430 So.2d 832, 841-42 (Miss.1983)).
*316 ¶ 22. Our review of the record before us does not find an affirmative showing of ineffectiveness. Furthermore, neither of the parties has stipulated so as to allow this Court to make a finding regarding Evans' claim of ineffective assistance. Thus, we find that Evan's claim of ineffective assistance of counsel may be better raised in a motion for post-conviction relief. Therefore, we dismiss this claim without prejudice.
VIII. CUMULATIVE ERROR
¶ 23. Evans asks this Court to reverse his conviction based upon the combined effect of all of the alleged errors at his trial. Our supreme court set forth the standard in which we are to review the effect of cumulative errors on an appellant's right to a fair trial, stating:
upon appellate review of cases in which we find harmless error or any error which is not specifically found to be reversible in and of itself, we shall have the discretion to determine, on a case-by-case basis, as to whether such error or errors, although not reversible when standing alone, may when considered cumulatively require reversal because of the resulting cumulative prejudicial effect.
Byrom v. State, 863 So.2d 836, 847(¶ 13) (Miss.2003). Having found no combined errors causing prejudicial impact so as to warrant reversal, we find this issue is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF COUNT I-SEXUAL BATTERY AND SENTENCE OF LIFE; COUNT II-SEXUAL BATTERY AND SENTENCE OF LIFE; COUNT III-SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS; COUNT IV-SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS WITH SENTENCE TO RUN CONSECUTIVELY WITH THE SENTENCES IN COUNT I, II AND III AND ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The Court of Appeals does not reveal the name of victims of sexual crimes.
[2] For the first time, on appeal, Evans asserts that his signature was forged on the form granting consent. We find this accusation to be unfounded, without any supporting evidence, and decline to address argument regarding the assertion.
[3] The comments to Mississippi Rule of Evidence 609(d) strictly prohibit the use of a juvenile adjudication for impeachment purposes or for use in attacking the general credibility of a witness, except in a limited circumstance, for the purpose of showing bias and interest. See also Miss.Code Ann. § 43-21-561(5) (Rev.2004). However, the trial court has the discretion to allow or disallow the introduction of such evidence if the impeachment is necessary. M.R.E. 609(d) cmt.