ROBERTS, J.,
for the Court:
¶ 1. Following his June 3, 2009 guilty plea to one count of kidnapping, one count of armed carjacking, and one count of felony fleeing, Donald Keith Smith sought relief under the Uniform Posb-Conviction Collateral Relief Act (UPCCRA). Smith’s first motion for post-conviction relief (PCR) was summarily dismissed by the Jackson County Circuit Court. Smith appealed this decision and, three weeks later, filed another PCR motion. The circuit court summarily dismissed Smith’s subsequent PCR motion as a successive writ. Smith also appealed this decision of the circuit court. A single judge on this Court consolidated the two appeals of Smith’s PCR motions. This case requires us to determine whether the circuit court properly disposed of Smith’s separate PCR motions, including the argument that Smith was entitled to a mental evaluation before his guilty plea could be accepted. Finding no error, we affirm the circuit court’s summary dismissals of both Smith’s PCR motions.
FACTS AND PROCEDURAL HISTORY
¶ 2. The crimes occurred on September 2, 2007, when Smith held Dr. Evalyn Jerkins and Rebecca Alleneder at knife point in Dr. Jerkins’s car, and then he failed to obey police officers’ directives to stop the car. He was indicted on March 28, 2008, on two counts of kidnapping, one count of carjacking, and one count of felony evasion. Smith pleaded guilty in the circuit court to one count of kidnapping, one count of armed-carjacking, and one count of felony fleeing. On the kidnapping charge, Smith was sentenced to thirty years, with eighteen years to serve and twelve years suspended. On the armed carjacking charge, Smith was also sentenced to thirty years, with eighteen years to serve and twelve suspended. On the felony-fleeing charge, Smith was sentenced to serve five years. All Smith’s sentences were ordered to be served concurrently. Smith had been in custody since September 2, 2007; therefore, he also received credit for the twenty months he had been in custody. One count of kidnapping and, in a separate cause number, one count of felony shoplifting were dismissed. Smith’s pleas and sentences were consistent with this plea bargain with the State.
¶ 3. Smith timely filed two PCR motions. The first was filed in December 2011, and in it he raised issues concerning the armed-carjacking conviction. Finding that Smith was not entitled to any relief, the circuit court summarily dismissed this PCR motion on' January 6, 2012. Smith filed a notice of appeal on January 30, 2012. The second PCR motion was filed three weeks later, on February 22, 2012. In this second PCR motion, Smith argued: *1051 he was entitled to a competency hearing prior to entering his guilty plea; there was not a proper factual basis presented for the circuit court to accept his guilty plea; his counsel was ineffective; and the cumulative error resulted in a deprivation of his fundamental rights. On May 25, 2012, the circuit court summarily dismissed Smith’s second PCR motion as a successive writ not within any of the exceptions found in Mississippi Code Annotated section 99-39-23(6) (Supp.2012). The circuit court stated: “Because there an [sic] issue of competency, however, [the circuit court], in an abundance of caution, will consider this issue [of a mental evaluation and competency hearing] in the alternative.” The circuit court explained that it had not made a finding that reasonable grounds existed to indicate that Smith was incompetent; therefore, Uniform Rule of Circuit and County Court 9.06, which requires a mental evaluation and competency hearing if a determination that reasonable grounds exist to question a defendant’s competency, had not been invoked in this case. Smith appealed this decision. The appeals were consolidated.
¶ 4. Smith argues several issues, which we have combined as follows: (1) his court-ordered mental evaluation was never conducted;. (2) his counsel was ineffective; (3) there was no factual basis for the armed-carjacking charge; and (4) cumulative error deprived him of his right to a fair plea hearing.
STANDARD OF REVIEW
¶ 5. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
I. MENTAL EVALUATION
¶ 6. In his second PCR motion, Smith argues his guilty plea was invalid because no mental evaluation was conducted prior to his plea hearing.[1] On November 13, 2008, an “order of continuance and for psychiatric evaluation” was filed based on an ore tenus motion by Smith. In this order, the circuit court ordered that Smith “be examined by some competent psychiatrist for a determination of [Smith’s] mental and/or physical condition.” On the same day, an agreed order of continuance was also filed. In that order, the circuit court stated that Smith is “to undergo a psychiatric evaluation at his own expense [.]” (Emphasis added). Additionally, the circuit court entered an order of transport on January 29, 2009, ordering that the sheriffs department transport Smith to the Mississippi State Hospital in Whitfield, Mississippi, for the evaluation. Smith submits in his PCR motion and brief that he was transported to Whitfield, but an evaluation was never performed. There is nothing in the record to indicate that Smith was transported to Whitfield, or that an evaluation was ever performed. The record is also void of a motion by *1052 defense counsel claiming that Smith was incompetent or mentally ill. Simply, there is nothing in the record to suggest that the circuit court was put on notice that Smith’s competency to stand trial or enter a guilty plea was a concern.
¶ 7. A careful review of the record before us shows that while the circuit court did order Smith to undergo a mental evaluation at Smith’s request and expense, at no point was there a determination made by the circuit court that Smith’s competency to stand trial or enter a guilty plea was ever questioned. There is no written motion explaining Smith’s request for a mental evaluation, nor is there a transcript of the ore tenus motion made before the circuit court. A defendant’s request for a mental evaluation could be for a variety of other issues, such as mitigation of punishment during a sentencing hearing or in anticipation of relying on a claim of insanity at the time of the crime. According to Smith’s father’s affidavit, Smith was transported to Whitfield for evaluation, but one was never performed because he could not afford to pay for the evaluation. If competency was truly the issue, Smith could have required the State to pay for the evaluation pursuant to Mississippi Code Annotated section 99-13-11 (Rev.2007), which mandates that the county pay for a mental examination when the defendant’s mental condition is questioned as to his ability to make a defense.[2]
¶ 8. Importantly, beyond granting the motion for a mental evaluation, the circuit court never made a finding that there were reasonable grounds to question Smith’s mental condition. During his guilty-plea hearing, Smith acknowledged that he had been treated for mental illnesses in the past, specifically depression and some type of psychosis, and that he was presently on medication for those conditions.[3] He confirmed that his medications would not hinder his ability to understand the process of pleading guilty. Smith was able to name the crimes he was charged with committing, as well as the sentences relating to each crime. Smith additionally informed the circuit court that he “took [Dr. Jerkins’s] vehicle while she was a passenger in it, and did not stop for the police.” He also agreed that he did this using a knife. Smith had limited recollection of the details of the crime because he was under the influence of illegal narcotics at the time of the crime. Lastly, Smith apologized to Jerkins. Our review of Smith’s plea colloquy attests that all of his answers to the circuit court’s questions were logical and coherent; the answers did not cause any concern as to his competency to enter his guilty plea.
¶ 9. Thus, without more, we cannot say that the circuit court’s decision to order the mental evaluation was simulta *1053 neously a finding that reasonable grounds existed to question Smith’s competency. Additionally, because there is nothing in the record to show that the circuit court made the threshold finding that there existed reasonable grounds to question Smith’s competency, Rule 9.06 simply is not applicable to the facts in the present case. Rule 9.06 requires a trial court to order a mental examination once it “receives evidence from any source raising a reasonable ground to believe the defendant lacks competence to stand trial” or enter a guilty plea. Bradley v. State, 116 So.3d 1093, 1099-1100 (¶ 30) (Miss.Ct.App.2013). The record is void of any other indication that Smith’s competency was specifically placed at issue; therefore, he was not entitled to a mental evaluation or subsequent competency hearing as outlined in Rule 9.06.
¶ 10. With respect, we find that the dissent misses the issue by arguing that Rule 9.06 is applicable to the present case. As we explained above, Smith’s competency was never questioned by either his two hired attorneys or the circuit court. The circuit court’s execution of an agreed order that Smith’s case be continued and he undergo a psychiatric evaluation at his own expense is simply not enough to support a finding that Smith’s competency was at issue. If competency is not an issue, Rule 9.06 and its requirements are just not applicable. Moreover, if competency was an issue, the mental evaluation would have been expense-free to Smith. Although not explicitly stated, the dissent would have this Court overrule its prior case of Evans v. State, 984 So.2d 308 (Miss.Ct.App.2007). In Evans, the circuit court suggested a psychiatric evaluation be performed on Huey Evans; however, one was never performed nor was a competency hearing held. Id. at 312 (¶ 8). This Court held that:
[I]f the trial court does not make a threshold finding that a reasonable ground [to question a defendant’s competency] exists ... then the Rule 9.06 requirement to order ... a competency-hearing never arises. In other words, if a trial judge orders a psychiatric evaluation without a reasonable question as to the defendant’s competency, he is not also required [to] order a competency hearing.
Id. at 313 (¶ 9) (emphasis added). Based on the above-quoted language, a circuit judge may order a psychiatric evaluation without questioning a defendant’s competency and without invoking Rule 9.06, as was also done in the present case. We find that the facts in the present case are similar to Evans, and that Evans remains good law. Further, the dissent takes an inconsistent approach in its disposition by explaining that the supreme court has recently held that retrospective competency hearings do not cure a failure to conduct a psychiatric evaluation and competency hearing prior to trial, but the dissent then seeks to reverse and remand this case for Smith to undergo a psychiatric evaluation and competency hearing — in essence, a retrospective competency hearing.
¶ 11. In conclusion, we find that Smith's claim that he was entitled to a mental evaluation is procedurally barred as a successive writ for which there is no exception. Alternatively, we find this issue to be without merit..
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 12. Smith also argues his trial counsel was ineffective for failing to thoroughly investigate his mental illness and ensure the mental evaluation was conducted. An ineffective-assistance-of-counsel claim requires a showing that (1) counsel’s performance was deficient, and (2) the de *1054 fendant was prejudiced as a result of that deficiency. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “The Mississippi Supreme Court has consistently held that the UP-CCRA’s procedural bars ‘apply to [PCR] claims based on ineffective assistance of counsel.’ ” Williams v. State, 110 So.3d 840, 844 (¶ 21) (Miss.Ct.App.2013) (quoting Crosby v. State, 16 So.3d 74, 78 (¶ 8) (Miss.Ct.App.2009)). However, merely raising a claim of ineffective assistance of counsel is insufficient to surmount the procedural bars. Smith v. State, 922 So.2d 43, 47 (¶ 9) (Miss.Ct.App.2006) (citing Bevill v. State, 669 So.2d 14, 17 (Miss.1996)). Moreover, in PCR cases, “where a party offers only his affidavit, then his ineffective[-]assistance[-]of[-]counsel claim is without merit.” Brooks v. State, 89 So.3d 626, 628 (¶ 6) (Miss.Ct.App.2011) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)).
¶ 13. Smith provides affidavits from his family members stating that they informed Smith’s two privately retained attorneys about his prior mental-health history, and that his father had wanted to speak at Smith’s guilty-plea hearing; however, no argument is made that his attorneys were deficient.
¶ 14. “In the context of guilty pleas, ... the defendant must show that, were it not for counsel’s errors, he would not have [pled] guilty and would have insisted on going to trial.” Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009). Smith has failed to present any evidence beyond mere assertions that he would have insisted on going to trial. The record shows that Smith received a plea deal as a result of his attorneys’ efforts. One count of kidnapping was dropped as was an unrelated charge of felony shoplifting. Smith indicated at his guilty-plea hearing and in his guilty-plea petition that he was satisfied with the services of his attorneys.
A defendant’s “declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true. ‘Solemn declarations in open court carry a strong presumption of verity.’ ” Fair v. State, 102 So.3d 1165, 1168-69 (¶ 11) (Miss.Ct.App.2012) (quoting Bell v. State, 754 So.2d 492, 495 (¶7) (Miss.Ct. App.1999)).
¶ 15. We find Smith’s claims of ineffective assistance to be proeedurally barred as a subsequent writ; however, procedural bar notwithstanding, this issue is without merit.
III. FACTUAL BASIS FOR ARMED CARJACKING
¶ 16. Smith next contends the trial court erred in applying the successive-writ bar to his claim concerning his armed-carjacking charge. In both his PCR motions, Smith argued there was no factual basis for the armed-carjacking charge. In its ruling on Smith’s first PCR motion, the trial court found no merit to Smith’s claims. In denying Smith’s second PCR motion, the trial court noted it had previously ruled on this issue and denied relief pursuant to the successive-writ bar. See Miss.Code Ann. § 99-39-23(6). Procedural bar notwithstanding, Dr. Jerkins addressed the circuit court at Smith’s guilty-plea hearing, and, prior to the circuit court’s formal acceptance of Smith’s plea, she provided a more-than-sufficient factual basis to conclude that Smith’s conduct fell “within the ambit of that defined as criminal.” Smith v. State, 86 So.3d 276, 280 (¶ 11) (Miss.Ct.App.2012) (citations and internal quotations marks omitted). Therefore, this issue is without merit.
VI. CUMULATIVE ERROR
¶ 17. “Reversal based upon cumulative error requires a finding or findings of error.” Madden v. State, 42 So.3d 566, 574 *1055 (¶ 31) (Miss.Ct.App.2010). Because we find no error on any of Smith’s issues, there can be no cumulative error.
¶ 18. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
IRVING AND GRIFFIS, P JJ., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY BARNES AND JAMES, JJ.

. We note that Smith raised this issue in his second PCR motion, which would normally be barred as a successive writ under section 99-39-23(6). However, "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA”. Rowland v. State, 42 So.3d 503, 508 (¶ 16) (Miss.2010). Mere assertions of error affecting a fundamental constitutional right are insufficient to defeat the procedural bars, as there must appear to be truth to the assertions. Evans v. State, 115 So.3d 879, 881 (¶ 3) (Miss.Ct.App.2013) (citing Stovall v. State, 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct. App.2004)). Procedural bar notwithstanding, we address Smith's claim.

. Section 99-13-11 provides:
In any criminal action in the circuit court in which the mental condition of a person indicted for a felony is in question, the court or judge in vacation on motion duly made by the defendant, the district attorney or on the motion of the court or judge, may order such person to submit to a mental examination by a competent psychiatrist or psychologist selected by the court to determine his ability to make a defense; provided, however, any cost or expense in connection with such mental examination shall be paid by the county in which such criminal action is pending.
(Emphasis added).

. Smith attaches a litany of prior mental-health history records to his brief; however, these records were never presented to the circuit court for review. Because it is not part of the official record, we cannot consider these documents for the purpose of this appeal. See Necaise v. State, 916 So.2d 553, 556 (¶ 6) (Miss.Ct.App.2005) (citing Fairley v. State, 812 So.2d 259, 263 (¶ 10) (Miss.Ct.App. 2002)).