COLEMAN, Justice,
dissenting:
¶ 22. I respectfully disagree that the case sub judice implicates Uniform Rule of Circuit and County Court Practice 9.06, upon which the majority bases its holding. Accordingly, I dissent.
I. The Court of Appeals correctly held that Rule 9.06 does not apply to the case sub judice.
¶ 23. In short, I agree with the well-reasoned opinion issued by the Court of Appeals in Smith v. State, 149 So.3d 1048, 2013 WL 5799825 (Miss.Ct.App. Feb. 18, 2014), wherein the Court of Appeals noted that nothing in the record indicates that Smith’s competency to stand trial was *1036 questioned. Id. at 1052 (¶ 7), 2013 WL 5473569 at *2 (¶ 7). To put it in Rule 9.06 terms, Smith identifies nothing in the record of the criminal proceedings against him to indicate the existence of any “reasonable ground to believe” him “incompetent to stand trial.” URCCC 9.06. As the Court of Appeals pointed out, myriad reasons exist to conduct a mental competency examination aside from a determination that the above-described reasonable grounds exist. Smith, 149 So.3d at 1051-52 (¶ 7), 2013 WL 5799825, *2 (¶ 7). Finally, the Court of Appeals correctly points out that, if the trial court’s order allowing the defendant a mental exam were traveling under Rule 9.06, then, by operation of Mississippi Code Section 99-13-11, the county would have footed the bill. Id. The trial court’s order in the instant case provided that the exam would be conducted at the defendant’s expense. For the above-described reasons as well as the others addressed by the Court of Appeals, I would affirm the trial court’s denial of post-conviction relief.
II. Rowland and whether res judica-ta should apply.
¶ 24. I take the opportunity afforded by writing the instant dissent to address another pertinent issue — the applicability (or inapplicability) of the doctrine of res judi-cata to Smith’s claim for post conviction relief. The issue addressed today, that of the competency hearing, was raised in Smith’s second petition filed on February 22, 2012, after the trial court denied his first petition on January 6, 2012.
¶ 25. In the absence of any reason to disregard it, the doctrine of res judicata operates to bar Smith’s second petition because it bars the petitioner from litigating issues that he placed or could have placed before the court in his first petition.[3] Little v. V & G Welding Supply, Inc., 704 So.2d 1336,1337-1338 (¶ 8) (Miss.1997) (“Res judicata bars all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.”) (citing Estate of Anderson v. Deposit Guaranty Nat’l Bank, 674 So.2d 1254, 1256 (Miss.1996)). Nothing in the record indicates that Smith could not have presented the mental examination issue to the trial court in his first petition. In order for res judicata to operate to preclude Smith’s instant claim, the following four identities must exist: (1) the subject matter of the action; (2) the cause of action; (3) the parties to the cause of action; and (4) the quality or character of a person against whom the claim is made. Little, 704 So.2d at 1338 (¶ 9). They do. The subject matter of both his first and second petition was a collateral attack upon his conviction and sentence. The causes of action both rely on the underlying facts and circumstances leading up to his guilty plea, conviction, and sentence. In both petitions, the parties were Smith and the State of Mississippi, and the third and fourth identities are thus satisfied.
¶ 26. We have held — several times— that when a petitioner seeking post-convic *1037 tion relief puts a fundamental right at issue, -Mississippi courts will not apply various procedural bars that might otherwise foreclose any relief. See, e.g., Rowland v. State, 98 So.3d 1032, 1036 (¶ 6) (Miss.2012) (noting that, as to several fundamental rights, including the protection against double jeopardy, illegal sentencing, and denial of due process at sentencing, the procedural bars found in Mississippi’s Uniform Post-Conviction Collateral Relief Act will not apply) (citing, inter alia, Rowland v. State, 42 So.3d 503, 508 (Miss.2010); Ivy v. State, 731 So.2d 601, 603 (Miss.1999); Kennedy v. State, 732 So.2d 184, 186-87 (Miss.1999); Grubb v. State, 584 So.2d 786, 789 (Miss.1991); Smith v. State, 477 So.2d 191, 195 (Miss.1985)). For the reasons I further develop below, I am of the opinion that the doctrine of res judicata places a substantive — not procedural — bar, and I would apply it even when a petitioner asserts a fundamental right.
¶ 27. Several courts have noted the substantive nature of res judicata. In JP Morgan Chase Bank v. Winthrop Props., 312 Conn. 662, 94 A.3d 622 (2014), the Supreme Court of Connecticut noted that the procedural matter before it was “not intended to alter established definitions and the scope of such terms within the substantive doctrines of res judicata, collateral estoppel, and relation back, which implicate different concerns.” Id. at 684 n. 11, 94 A.3d 622. Ohio’s state courts repeatedly have written that “res judicata is a substantive rule of law[.]” Hopkins v. Dyer, 104 Ohio St.3d 461, 820 N.E.2d 329 (2004). The Supreme Court of Indiana held that a litigant “was entitled to challenge the substantive determination of the trial court that his claims were barred by the substantive defense of res judicata[.]” Smith v. Euler, 956 N.E.2d 657, 658 (Ind. 2011). In the context of post-conviction relief, the Illinois Supreme Court addressed the relationship of res judicata to Illinois’s post-conviction relief statutes and wrote, “Thus, waiver and res judicata are substantive considerations to the extent that they define and limit the scope and purpose of the Act.” People v. Blair, 215 Ill.2d 427, 440, 294 Ill.Dec. 654, 831 N.E.2d 604, 613 (2005). See also Martin v. Amerman, 47 Tex. Sup.Ct. J. 285, 133 S.W.3d 262, 266 (2004); Johns v. Agrawal, 748 So.2d 514, 518 (La.Ct.App.1999) (recognizing that whether the preclusive effect of a federal court decision is subject to the federal law on res judicata because the doctrine is substantive); Jordache Enters., Inc. v. Nat’l Union Fire Ins. Co. of Pittsburgh, Pa., 204 W.Va. 465, 476, 513 S.E.2d 692, 703 (1998) (the “effect of a judgment as res judicata is ‘substantive’ ”); VanDe-Walle v. Albion Nat’l Bank, 243 Neb. 496, 503, 500 N.W.2d 566, 572 (1993) (“res judi-cata is a substantive rule”); McKinney v. Galvin, 701 F.2d 584, 586 n. 5 (6th Cir. 1983).
¶ 28. I agree with those courts that consider the doctrine of res judicata substantive in nature. Before the doctrine can apply, there must be an earlier determination on the merits. EMC Mortgage Corp. v. Carmichael, 17 So.3d 1087, 1090 (¶ 10) (Miss.2009) (“In addition to the four identities, a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits.”) (citing Anderson v. LaVere, 895 So.2d 828, 833 (Miss.2004)). Accordingly, I am of the opinion that the bar imposed by operation of res judicata differs in a significant way from the bar imposed by, e.g., a statute of limitations. Per the latter, if a petitioner fails to bring an issue before the Court before three years, he may not and loses all opportunity to bring the issue, but without ever having the benefit of a ruling. Per the former, the petitioner has a ruling on the merits. The distinction leads easily to the conclusion reached by so many oth *1038 er courts, that res judicata is a creature of substance and not of procedure.
¶ 29. Looking at the origins of our rule that petitions for post-conviction relief that raise fundamental rights are exempt from the procedural bars reveals why the above-described distinction makes a difference. In Read v. State, 430 So.2d 832, 837 (Miss.1983), the Court wrote as follows:
Today, however, state courts are being allowed not inconsiderable leeway when it comes to enforcing procedural rules to bar litigation of federal constitutional rights. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Given such leeway, it is peculiarly appropriate that state courts be faithful stewards of those fundamental rights adjudication of which is thus entrusted to them. It is appropriate that this Court keep the spirit of [.Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950) ] alive. The State’s brief would have us take advantage of this leeway — and, in effect, preclude any defendant ever raising the troublesome, unpleasant and no doubt frequently abused claim of ineffective assistance of counsel. The State’s invitation should be rejected.
Read, 430 So.2d at 837. The Read Court declined the State’s invitation because Read “never had a meaningful opportunity to raise the issue in the court below.” Id. In Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950), cited by the Read Court in the above-quoted paragraph, the Court refused to apply procedural bars when a fundamental right was raised for the first time on appeal. Id. at 155, 46 So.2d 94. See also Fisher v. State, 145 Miss. 116, 110 So. 361, 365 (1926). Based on my reading of the foregoing cases, we excluded petitions that raised fundamental rights from procedural bars because a petitioner whose fundamental constitutional rights had been violated should have the opportunity to present such alleged violation to a court. Res judicata, because it applies only after a decision on the merits, applies only after a would-be petitioner has had that opportunity or could have had that opportunity but, for whatever reason, passed upon it.
¶ 30. “Res judicata reflects the refusal of the law to tolerate a multiplicity of litigation. It is a doctrine of public policy designed to avoid the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions.” Hill v. Carroll County, 17 So.3d 1081, 1084 (¶8) (Miss. 2009) (internal citations omitted). For the reasons outlined above, I would hold the doctrine of res judicata to be a substantive bar against further litigation rather than a procedural one and therefore not a member of the class of procedural bars from which petitioners may have relief when they raise fundamental rights.
RANDOLPH, P.J., JOINS THIS OPINION. LAMAR AND PIERCE, JJ., JOIN THIS OPINION IN PART.

. The Legislature encoded the doctrine of res judicata for post-conviction relief purposes in Mississippi Code Section 99-39-21, but-interestingly-as encoded the doctrine would apply only to issues and facts determined at trial or on direct appeal. A bar against successive writs is found elsewhere in the Uniform Post-Conviction Collateral Relief Act, see Mississippi Code Section 99-39-23(6), which would be a statutory enactment of res judicata that more fully applies here. Otherwise, and the látter does not incorporate the identities or by its terms require the denial of relief be on the merits, there appears to be no attempt to statutorily apply res judicata to issues and facts determined in earlier post-conviction proceedings.