530 So.2d 1360 (1988)
Anthony Charles BOLTON
v.
STATE of Mississippi.
No. 57893.
Supreme Court of Mississippi.
September 7, 1988.
Jeff E. Bradley, Hattiesburg, for appellant.
*1361 Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
Central to the decision in this case is the determination of the admissibility of a confession resulting from an alleged unlawful arrest. This Court holds that the confession was properly admitted and affirms the conviction.
The appellant, eighteen year old Anthony Charles Bolton, was convicted in the Circuit Court of Simpson County, on change of venue from the Circuit Court of Perry County, of the crime of aggravated assault. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Feeling aggrieved of that judgment, he brings this appeal, assigning as error the following:
I. That the trial judge erred in ruling that the arrest was the result of a proper warrant; and
II. That the trial judge erred in finding that the confession was the result of a lawful arrest.

STATEMENT OF FACTS
On December 21, 1982, Tina Fulmer was visiting her father, William L. Tucker, in Little Creek at his business known as the Beer Barn. The Barn sold beer, nickknacks, candy, pizza, Cokes, drinks, and chips.
On December 21, 1982, at approximately 8:45 p.m., Ms. Fulmer and her father were sitting in the office of the Beer Barn watching television. Suddenly, gunfire erupted in the room. Ms. Fulmer, thinking that this noise was the sound of fire-crackers, started to run. Looking behind her, Ms. Fulmer saw a person wearing a navy blue ski mask. The intruder was pointing a gun in the direction of Ms. Fulmer and her father.
Reacting out of fear, Ms. Fulmer fell to the floor. The next thing she heard was the sound of money being taken from the cash register. Ms. Fulmer managed to get to her feet, and observed that her father was slumped down in a chair and had blood running from his nose.
Seeing her father in this condition, Ms. Fulmer began to feel dizzy and nauseous. At this point, she recognized she had also been hit by gunfire.
Unable to walk, Ms. Fulmer started crawling to the highway to get help. Subsequently, Ms. Fulmer was found by a Mr. David Scales, who with the assistance of his mother, helped to get medical assistance for Ms. Fulmer. She had been shot twice in the back. Ms. Fulmer suffered serious injuries, but recovered. Her father, however, died from the gunshot wounds.
Following the foregoing incident, Jimmy Smith, the Sheriff of Perry County, conducted an investigation of the shooting. Pursuant to a tip from Robert Holmes, the sheriff arrested Hugo Hugger, Anthony Carl Bolton, and Anthony Charles Bolton on a charge of capital murder of Mr. Tucker. The appellant, Anthony Charles Bolton, and his accomplices gave statements concerning the capital murder charge. Subsequently, an indictment of aggravated assault upon Tina Fulmer was returned against the appellant.[1]
At a pretrial hearing on the aggravated assault charge, defense counsel raised an objection to the introduction of the defendant's video taped and written statement and sought to suppress them. Bolton's attorney requested that the court review the transcript from the prior suppression hearing on the capital murder charge in order to rule on the present suppression motion. Thus, the testimony and argument *1362 of the prior trial were introduced into this record.
During the suppression hearing, Sheriff Jimmy Smith testified that he arrested the defendant under a "John Doe" warrant on the charge of capital murder. This warrant was amended following the arrest to include the name of Anthony Charles Bolton. The sheriff further testified that he arrested the defendant in reliance on the statements of two codefendants who had been arrested earlier that day and upon the verbal statements given to one of his deputies by Robert Holmes.
The trial judge ruled that the arrest in the murder charge was legal due to the fact that there was a valid arrest warrant issued, or in the alternative, there was sufficient probable cause to justify a warrantless arrest of the defendant based on the statements of the alleged co-participants and Robert Holmes.

I.
The first assignment of error addresses the validity of the arrest. This Court need not dwell on this issue, for assuming arguendo that the arrest was illegal, it does not follow that the confession was inadmissible.
The giving of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) "alone and per se" cannot always make a confession admissible. Hall v. State, 427 So.2d 957, 959 (Miss. 1983) (quoting Brown v. Illinois, 422 U.S. 590, 603, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416, 427 (1975)). On the other hand, "[t]he mere fact that a defendant confesses while in custody following an illegal arrest does not per se render the confession inadmissible." A confession's admissibility must be decided on the facts of each case. Hall, at 959. While no single fact is dispositive, Brown set forth the following factors to be considered by a trial court when deciding the admissibility of a confession:
(1) the giving of Miranda warnings and the circumstances;
(2) the temporal proximity of the arrest and the confession;
(3) the presence of intervening circumstances;
(4) the purpose and flagrancy of the official misconduct, i.e., the making of an illegal arrest; and
(5) any other circumstances that seem relevant.
Hall, at 959. (quoting Brown, 422 U.S. at 603, 95 S.Ct. at 2261, 45 L.Ed.2d at 427). See also Lockett v. State, 459 So.2d 246 (Miss. 1984); Swanier v. State, 473 So.2d 180 (Miss. 1985); Carter v. State, 473 So.2d 471 (Miss. 1985); Henry v. State, 486 So.2d 1209 (Miss. 1986).
It is undisputed that the appellant was given Miranda warnings. The appellant testified on the motion to suppress, however, that he was questioned by the sheriff and later by the district attorney as to the Tucker crimes. He testified specifically that while Miranda warnings were given to him, he had asked for an attorney. The district attorney and sheriff positively stated that the Miranda rights were given and discussed with him as to his understanding. On disputed testimony the trial judge made a Hall finding that the defendant did not avail himself of the services of a justice judge, who was an attorney, when she talked with him.
The trial judge's findings further showed that prior to the confession he asked for and was permitted to talk at length with his mother and with a minister and the justice court judge. The initiation for the confession came from the defendant himself some six hours after his arrest. The trial judge concluded that the confession was voluntary and admissible.
The trial judge made a record of the factors underlying his finding on the admissibility question and this Court on review holds that his ruling was proper and that the confession was admissible.

II.
Having concluded that the confession was properly admitted under the authority of Hall, supra, and Brown, supra, the *1363 Court finds it irrelevant to consider the alleged illegal arrest.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] During the April, 1983 Term of Circuit Court of Harrison County, Anthony Charles Bolton was convicted of capital murder and sentenced to life in the Mississippi Department of Corrections. His appeal on that conviction and sentence was dismissed on October 11, 1983, after escape from custody from the Regional Law Enforcement Complex at Hattiesburg. Derrick v. State, 406 So.2d 48 (Miss. 1981), Jones v. State, 218 So.2d 705 (Miss. 1969).