659 So.2d 583 (1995)
Billy BLACKMAN, a/k/a Billy Blackmon
v.
STATE of Mississippi.
No. 91-KA-00966-SCT.
Supreme Court of Mississippi.
August 3, 1995.
*584 George T. Holmes, Jackson, for appellant.
Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and BANKS and JAMES L. ROBERTS, Jr., JJ.
BANKS, Justice, for the Court:
This is an all too routine cocaine possession case which we are compelled to reverse because of a transgression of our evidentiary rules by the prosecuting attorney.

I.
The facts are simple but disputed as to Blackmon's involvement. It is undisputed that Officer Love, while on patrol in an area of dope activity came upon a scene from which at least one individual ran. Love testified that several individuals ran and that he saw Blackmon run to a house and sit on the porch. Love approached Blackmon he says and saw him drop something. He recovered the object and it turned out to be cocaine. Love could not recall whether an individual in a wheelchair was present at the scene.
Bruce Thomas testified for Blackmon saying that he was indeed at the scene. He indicated that Blackmon was on the porch all the time and that it was other individuals in the street who ran when Love's patrol car approached. He did not see anyone drop anything. He did see Officer Love pick up something from along where the individuals were standing. He testified that when Love recovered the bag, Blackmon told him immediately that the bag was Roger's. Roger Russell is an individual identified as the person who fled by Blackmon and his witnesses. Love is alleged to have said words to the effect that he was going to take Blackmon in if he could not find Roger and arrest him. Love drove around the block looking for Roger and finally took Blackmon to jail.
LaRoyce Smith testified that he was in the street walking with Roger and another person when the patrol car turned onto the street. He said that Roger threw the package away and ran. He said Roger was the only one who ran but that Officer Love came upon the scene and ordered him away. Blackmon testified that the package found by Love was dropped by Roger and did not belong to him.
This all presented a jury issue which was resolved against Blackmon. Unfortunately, that is not the whole story. During cross-examination of the Bruce Thomas, the following occurred:
Q. Now, let me ask you a few questions, Mr. Thomas. Mr. Thomas, do you consider yourself to be somebody worthy of being trusted, somebody that's a good citizen, law-abiding citizen worthy of being trusted?
A. Yes, Sir.
Q. All Right. And could you tell us then concerning your background about your trouble with certain charges such as gambling, shoplifting 
BY MR. HOLMES: Objection.
Q.  and larceny 
BY MR. HOLMES: Objection.
A. I'm not on trial.
BY THE COURT: Overruled.
Q. Sir?
A. I'm not on trial here.
Q. Well, you just told me you considered yourself to be a law-abiding citizen, but yet you've been convicted of gambling on more than one occasion, shoplifting on more than one occasion, and petty larceny, have you not?

*585 BY MR. HOLMES: Objection to improper foundation.
BY THE COURT: I'll let him answer.
Q. Is that true or not true?
A. It's true.
Q. So you're not, quote, the law-abiding citizen. You've had problems yourself, correct?
A. In younger days.
Q. As late as 1986  '88, excuse me, isn't that correct?
A. My life has totally changed since then.
On appeal, Blackmon asserts that he was subjected to an unlawful search, that the verdict was against the overwhelming weight of the evidence and that the trial court erred in allowing the questions and testimony set forth above. We find only this last claim worthy of discussion.

II.
It is elementary by now, that the use of prior convictions for impeachment is governed by Rule 609 of the Mississippi Rules of Evidence. That rule restricts the use of convictions to those for which the penalty is death or imprisonment for one year or more or those involving "dishonesty or false statement." M.R.E. 609(a). The Comment explains that "the phrase `dishonesty or false statement' in 609(a)(2) means crimes such as perjury or subornation of perjury, false statement, fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi. ..." Comment, M.R.E. 609. While there is a split of authority on the question whether theft crimes such as larceny and shoplifting should be categorized as crimen falsi, historically they have not been and this Court has adopted the majority view that they are not. Hopkins v. State, 639 So.2d 1247, 1249-50 (Miss. 1993); Townsend v. State, 605 So.2d 767, 770 (Miss. 1992).
Moreover, the State concedes that a gambling conviction is not permissible by any stretch of the Rules of Evidence. It is thus clear that the assistant district attorney here sought an "end run" on the rules through the use of the ploy of a question concerning whether the witness was "law abiding." It is a clearly improper question and it cannot be used as a springboard to elicit testimony concerning convictions not permissible under our rules. Reed v. State, 637 So.2d 194, 197 (Miss. 1994); Tobias v. State, 472 So.2d 398, 400 (Miss. 1985). See also McCollum v. Franklin, 608 So.2d 692, 694 (Miss. 1992). This deliberate conduct on the part of the state, unchecked by the trial court, requires reversal.

III.
For the foregoing reason the judgment of the circuit court is reversed and this matter is remanded to that court for further proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., specially concurs with separate written opinion joined by SULLIVAN and PITTMAN, JJ.
McRAE, Justice, specially concurring:
The majority correctly reverses Blackmon's conviction and remands the case for further proceedings because of the prosecuting attorney's blatant failure to follow our Rules of Evidence. I would add, however, that this case makes it all too clear that there are instances where deliberate or negligent conduct on the part of the State's attorney may warrant sanctions. In the past we have seen District Attorneys simply walk away from cases in the last year of their terms, causing cases to be dismissed on grounds of speedy trial or the now-defunct 270-day rule. Criminal defendants may obtain post-conviction relief on grounds of "ineffective assistance of counsel" when their convictions result from errors made by counsel. Private plaintiffs and defendants, alike, in analogous situations, may lodge bar complaints against their attorneys which can result in sanctions when their cases are handled even in a negligent or unprofessional manner. Broome v. Mississippi Bar, 603 So.2d 349 (Miss. 1992). Yet, when an attorney for the State negligently or knowingly ignores our rules of *586 evidence to the citizenry's detriment, there has been no recourse. Something needs to be done. Attorneys need to be treated alike. When an attorney is negligent, it should not matter which party he represents. Regardless of which side he is on, the party he represents has received "ineffective assistance of counsel."
As we stated in Stringer v. State, 627 So.2d 326 (Miss. 1993),
We take this opportunity to caution the bench and bar of a growing number of reversals caused by inefficient, ineffective or unprofessional conduct by counsel. Retrials of criminal proceedings are extremely costly to the taxpayers of this State. It is not beyond the authority of this Court to assess the entire costs of a new trial necessary in those cases where this occurs. Personal liability for this cost may well be imposed by this Court in the future and it will be done with an even hand, applied both to the private attorney and the attorney representing the State. This Court is increasingly unwilling to cast the burden of incompetence on innocent taxpayers and considers this notice to the bench and bar that in the future we may not do so.
Id. at 330.
The State's attorney who represents all of our people should be held to the same high standards to which we hold privately-retained and court-appointed attorneys.
SULLIVAN and PITTMAN, JJ., join this opinion.