# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00834-SCT

*JOEL BASKIN*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/18/2011 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: HUNTER NOLAN AIKENS GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT SCOTT STUART |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT IS REVERSED AND THE CASE IS REMANDED - 01/30/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Because this case turned entirely on whether the jury believed the testimony of the defendant's witnesses, the damage caused by any inappropriate evidence offered to impeach the credibility of those witnesses was heightened. All agree that the trial judge clearly erred

by allowing the State to impeachment a key defense witness with a petty-larceny conviction. We therefore must reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶2. Two Winona, Mississippi, police officers obtained an arrest warrant for Joel Baskin on an aggravated-assault charge. The officers – Michael Gross and Tommy Bibbs – arrested Baskin, searched him, and – according to their trial testimony – found cocaine, which led to an indictment for possession of cocaine.

¶3. Prior to trial, defense counsel moved to suppress the results of that search "to the extent that it was done without sufficient probable cause." The trial court held a suppression hearing. The State presented Baskin's arrest warrant without objection and called Officer Gross to testify as to the circumstances surrounding the search. During the State's direct examination, Officer Gross testified that he had obtained and executed the arrest warrant, had conducted a search incident to arrest, and had located the cocaine in Baskin's pocket. On cross-examination, Officer Gross explained that he had completed an affidavit supporting issuance of the arrest warrant based on an ongoing investigation.

¶4. Neither the State nor defense counsel asked Officer Gross to explain the facts in that affidavit or any supporting probable cause for Baskin's arrest. The affidavit was never presented to the court, and the warrant itself is devoid of any reference to the factual basis for its issuance. At the end of the suppression hearing, defense counsel declined to make an argument, and the trial judge ruled that the results of Baskin's search would be admitted.

¶5. The case proceeded to trial. Both arresting officers testified that, when they searched Baskin, they discovered what was later determined to be crack cocaine. Defense counsel

called Darskeika Wallace and Michael Forrest, who testified that they were present at the time of the arrest, and that the arresting officers had found nothing in Baskin's pocket when they had searched his person.

¶6.     Prior to calling defense witnesses, defense counsel moved to exclude prior convictions that the State intended to use as impeachment evidence.  The trial judge permitted the State to use Wallace's misdemeanor petty-larceny and embezzlement convictions.  During cross-examination, the State asked Wallace if she had ever been convicted of embezzlement and petty larceny.  Defense counsel objected, stating "that's improper the way he posed the question.  It's a misdemeanor conviction."  The State rephrased its question to say "you have been convicted of misdemeanor embezzlement and petty larceny, which is also a misdemeanor; is that correct?"  Wallace answered yes without further objection from defense counsel.

¶7.     The jury convicted Baskin of possession of cocaine.  The trial court sentenced Baskin to life in prison without the possibility of parole as a habitual offender.  Baskin appealed, and the case was assigned to the Mississippi Court of Appeals.

¶8.     Baskin argued to the Court of Appeals that the trial court had erred by failing to suppress the results of Baskin's search executed pursuant to an arrest warrant issued without a finding of probable cause.  Baskin also argued that the trial court had erred by failing to exclude Wallace's petty-larceny conviction pursuant to Mississippi Rule of Evidence 609.  The Court of Appeals found both issues procedurally barred because Baskin had failed to challenge the sufficiency of his arrest warrant during the suppression hearing, and because

3

his counsel had failed to lodge a contemporaneous objection to the State's use of Wallace's petty-larceny conviction.[1] Baskin filed his petition for a writ of certiorari, which we granted.

**ANALYSIS**

**The Court of Appeals correctly found that Baskin was procedurally barred from claiming the arrest warrant was issued without probable cause.**

*Procedural Bar*

¶9.      The Court of Appeals determined that, while Baskin did challenge whether the police officers had probable cause to execute a search,[2] he "did not challenge the validity of the arrest warrant at trial . . . ,"[3] and that the issue was therefore procedurally barred on appeal.[4] We agree.

¶10.      Although Baskin argues that it is apparent from the suppression-hearing transcript that defense counsel was challenging the arrest warrant's validity, we find no statement or argument in that transcript that supports his argument.  In the alternative, Baskin suggests that, even if trial counsel failed to attack the arrest warrant's validity, the Court of Appeals should have addressed the issue as plain error under this Court's opinion in ***Conerly v. State***[5] and remanded the case to the trial court for a hearing to determine whether probable cause existed for the warrant.  We disagree with both arguments.

---

[1]***Baskin v. State***, No. 2011-KA-00834-COA, 2013 WL 500762,* *2, 3 (Miss. Ct. App. Feb. 12, 2013).

[2]***Id.***

[3]***Id.*** at *2.

[4]***Id.***

[5]***Conerly v. State***, 760 So. 2d 737 (Miss. 2000).

4

¶11.    Generally, we do not address issues raised for the first time on appeal.[6]  Prior to trial,

defense counsel stated that "at this time, the defendant moves the Court to exclude the search

of my client in this case *to the extent* that it was done without sufficient probable cause."

Shortly thereafter, defense counsel allowed the State to introduce the warrant into evidence

without objection – and without any supporting factual information – for purposes of the

suppression hearing.

¶12.    Defense counsel never raised the issue of, nor did he ask any questions about, the

supporting probable cause for the arrest warrant.

¶13.    And when given an opportunity to make an argument in support of suppressing the

cocaine, defense counsel declined to do so, stating instead that he would "allow the court to

grant a decision based on what's been presented."  Accordingly, this issue was not raised

before the trial court, and we decline to address it on appeal.

*Plain Error*

¶14.    Baskin argues that this Court has overlooked procedural bars where it finds plain

error, and that, according to our opinion in *Conerly*,  the validity of an arrest warrant

qualifies as plain error.[7]  But, unlike *Conerly*, we find no plain error in the record before us

today.

---

[6]*Colburn v. State*, 431 So. 2d 1111, 1114 (Miss. 1983) (citing *Stringer v. State*, 279 So. 2d 156 (Miss. 1973)).

[7]*Conerly*, 760 So. 2d at 740.

¶15. In *Conerly*, the defendant – for the first time in his reply brief[8] – challenged the probable cause supporting his burglary arrest warrant,[9] arguing that the warrant was issued based solely upon an affidavit which contained only uncorroborated rumors.[10] We evaluated that affidavit – which the appellate record contained – and concluded that, standing alone, it was insufficient to establish probable cause.[11]

¶16. Because the *Conerly* record contained information undermining probable cause for Conerly's arrest warrant, we addressed the issue as plain error[12] and remanded it so that the trial judge could consider the issue.[13]

¶17. The key to our plain-error analysis in *Conerly* was that the appellate record included evidence that supported the claim of error. Here, the record is completely devoid of evidence that calls into question the validity of that warrant.

¶18. Because this issue is procedurally barred; and because we are unable to find any reasonable basis upon which to conclude that Baskin's arrest warrant lacked probable cause, we decline to find plain error, and we affirm the judgment of the Court of Appeals as to this issue.

**The Court of Appeals erroneously concluded that Baskin's counsel did not raise the issue of the inappropriate impeachment evidence.**

---

[8] *Id.* at 740.

[9] *Id.* at 739, 740.

[10] *Id.*

[11] *Id.* at 740, 741.

[12] *Id.*

[13] *Id.* at 741.

¶19. Next, Baskin argues that the trial court erred by allowing the State to impeach defense witness Darskeika Wallace with a prior petty-larceny conviction, and that the Court of Appeals erred because, even though it found the trial court in error, it held the issue was procedurally barred because his counsel had failed to raise a contemporaneous objection to the conviction.[14]

¶20. In support of his argument, Baskin points out that his counsel did raise the issue at trial by a motion that his counsel made and argued following the State's case-in-chief. We agree.

¶21. Following the State's case-in-chief, defense counsel moved to exclude prior convictions which it anticipated the State would use to impeach the defense witnesses. After hearing argument from the State and the defense as to whether Mississippi Rule of Evidence 609 would allow use of the relevant convictions, the trial judge ruled that the State could use Wallace's petty-larceny and misdemeanor-embezzlement convictions as impeachment evidence. The Court of Appeals simply overlooked this motion in finding this issue waived on appeal.

¶22. The Court of Appeals correctly concluded that Wallace's petty-larceny conviction was inadmissible as impeachment evidence under Mississippi Rule of Evidence 609, which states in its relevant part:

> **General Rule.** For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that (A) a nonparty witness has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or

---

[14] ***Baskin***, 2013 WL 500762, at *4.

7

imprisonment in excess of one year under the law under which the witness was convicted, and (B) a party has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the party; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.[15]

¶23.   Neither petty larceny,[16] nor misdemeanor embezzlement[17] is punishable by death or imprisonment in excess of one year.  Accordingly, if either of Wallace's convictions could be admitted for impeachment purposes, it must fall within Rule 609(a)(2).

¶24.   The comment to Rule 609 states that:

The phrase "dishonesty or false statement" in 609(a)(2) means crimes such as perjury or subornation of perjury, false statement, fraud, forgery, embezzlement, false pretense or other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the witness' propensity to testify truthfully.  Such convictions are peculiarly probative of credibility and are always to be admitted, not subject to the discretionary balancing by the judge.[18]

As the comment reflects, Rule 609(a)(2) serves to admit those prior convictions which are most probative of the witnesses credibility by requiring that the crime contain an element of falsehood.

¶25.   This Court consistently has held that Rule 609(a)(2) does not allow the use of theft crimes – such as Wallace's petty-larceny conviction – for impeachment purposes.[19]  Such

---

[15]Miss. R. Evid. 609(a).

[16]Miss. Code Ann. § 97-17-43(1) (Rev. 2006).

[17]Miss. Code Ann. § 97-23-19 (Rev. 2006).

[18]Miss. R. Evid. 609 cmt.

[19]*Adams v. State*, 772 So. 2d 1010, 1022 (Miss. 2000); *Blackman v. State*, 659 So. 2d 583, 585 (Miss. 1995); *Hopkins v. State*, 639 So. 2d 1247, 1249-50 (Miss. 1993); *Townsend v. State*, 605

crimes do not satisfy the purposes of the rule, and the trial judge clearly erred by allowing the State to impeach Wallace with her petty-larceny conviction.[20] Despite this Court's clear and substantial precedent, the prosecutor argued to the trial judge: "As to petty larceny, again, I believe that that is – pretty clearly falls under criminal falsehood."

¶26. In the past, when trial judges have wrongfully admitted impeachment evidence under Rule 609, we have reversed and remanded for a new trial.[21] Here, we must reach the same result. The State's case rested on the credibility of witnesses. Wallace testified that she was an eyewitness to the events, and that the officers did not retrieve anything from Baskin's pocket. If the jury believed her testimony, it would not have convicted Baskin.

¶27. Said differently, the officer's testimony served as the only evidence placing Baskin in possession of the cocaine. The defense challenged that assertion with Wallace's contrary eyewitness testimony. Accordingly, in order to determine that Baskin possessed the cocaine, the jury had to assign greater credibility to the officer's testimony than it gave to Wallace. This not only raises the probative value of Wallace's testimony, but it also substantially multiplies the prejudice resulting from the inappropriate attack on Wallace's credibility, which served as the primary hurdle to the State's burden of proof.

¶28. The dissent finds the trial judge's error to be harmless because Wallace also had a misdemeanor embezzlement conviction. But the probative value of a misdemeanor conviction for embezzlement – offered only to prove Wallace was not a truthful person – was

---

So. 2d 767, 770 (Miss. 1992).

[20]*Id.* at 1250.

[21]**Blackman**, 659 So. 2d at 585; **Hopkins**, 639 So. 2d at 1254; **Townsend**, 605 So. 2d at 771.

slight. Its impeachment value was greatly increased because it was coupled with a second conviction that should not have been admitted.

¶29. In *Gilmore v. State*, this Court found that the trial court erred by admitting the defendant's prior simple-battery conviction for impeachment purposes under Rule 609.[22] There, this Court engaged in a harmless-error analysis, stating that "this court has narrowly defined harmless error, stating that '[a]n error is harmless only when it is apparent on the face of the record that a fair minded jury could have arrived at no verdict other than that of guilty.'"[23] We explained that the "[r]elevant factors in determining whether error was harmless or prejudicial include 'whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged.'"[24] We concluded that the error could not be considered harmless "[b]ecause of the close he said, she said nature of the evidence in this case. . . ."[25]

¶30. We are today faced with a similar "he said, she said" circumstance. The officer testified that he found cocaine in Baskin's pocket. Wallace testified that she observed the search and arrest, and that the officer did not find anything in Baskin's pocket. Also, the weight of the evidence was substantially close in this case because the officer's contradicted testimony was the only evidence that established that Baskin had possessed the cocaine.

---

[22]*Gilmore v. State*, 119 So. 3d 278, 290 (Miss. 2013).

[23]*Id.* (quoting *Forrest v. State*, 335 So. 2d 900, 903 (Miss. 1976)).

[24]*Gilmore,* 119 So. 3d at 290 (quoting *Ross v. State*, 954 So. 2d 968, 1018 (Miss. 2007)).

[25]*Gilmore,* 119 So. 3d at 291.

10

Further, the nature of the error directly influenced the information provided to the jury concerning Wallace's credibility.

¶31. The dissent opines that, once the State impeached Wallace with her misdemeanor embezzlement conviction, any additional conviction would lack a cumulative prejudicial effect on the jury's perception of her credibility. But logic dictates that one act of misdemeanor embezzlement – which is of questionable value [26] to show a propensity to lie under oath – is far less probative of a witness's credibility than a pattern of untruthful behavior. We cannot say that it is apparent from the record that a fair-minded jury could have reached no other result than guilty when the State relied on directly contradicted testimony and the trial judge's error directly affected that jury's perception of the contradicting witness's credibility.

**CONCLUSION**

¶32. We agree with the Court of Appeals that Baskin is procedurally barred from raising the issue of whether his arrest warrant was issued with probable cause. But because the trial judge erred by allowing the State to impeach Baskin's eyewitness with a misdemeanor petty-larceny conviction, we affirm in part and reverse in part the judgment of the Court of Appeals and reverse the judgment of the Montgomery County Circuit Court, remanding this case to the trial court for a new trial.

---

[26]We question the probative value of a misdemeanor-embezzlement conviction on a witness's truthfulness, particularly in light of this Court's pronouncement that theft crimes fall outside the scope of those permitted for impeachment purposes under Rule 609(a)(2). *Adams*, 772 So. 2d at 1022; *Blackman*, 659 So. 2d at 585; *Hopkins*, 639 So. 2d at 1249-50; *Townsend v. State*, 605 So. 2d at 770.

¶33.  **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT IS REVERSED AND THE CASE IS REMANDED.**

**WALLER, C.J., KITCHENS, CHANDLER AND KING, JJ., CONCUR. COLEMAN, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND PIERCE, JJ.**

**COLEMAN, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶34.  I agree with the majority that Baskin's challenge to the sufficiency of his arrest warrant is procedurally barred and that the trial court erred in admitting impeachment evidence of a witness's conviction for petty larceny.  However, I believe the latter to be harmless error.  Accordingly, I would affirm the Court of Appeals and the trial court and, respectfully, I dissent in part.

¶35.  "[F]or a case to be reversed on the admission or exclusion of evidence, it must result in prejudice and harm or adversely affect a substantial right of a party. . . . Error is reversible only where it is of such magnitude as to leave no doubt that the appellant was unduly prejudiced." *Holladay v. Holladay*, 776 So. 2d 662, 672 (Miss. 2000) (citations omitted).

¶36.  Without question, the trial court erred in admitting evidence of Wallace's misdemeanor conviction for petty larceny for impeachment purposes, but the trial court did not err in allowing evidence of Wallace's embezzlement conviction. *See* Miss. R. Evid. 609. Mississippi Code Section 97-23-19 provides, in pertinent part, that "[i]f any person shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use . . ." goods or other things of value, then he is guilty of embezzlement.  Accordingly, evidence of a conviction for embezzlement

12

is admissible for impeachment purposes under Mississippi Rule of Evidence 609(a)(2) regardless of punishment, as it involves dishonesty or false statement.

¶37.    In all three cases cited by the majority – *Blackman v. State*, 659 So. 2d 583, 585 (Miss. 1995); *Hopkins v. State*, 639 So. 2d 1247, 1254 (Miss. 1993); *Townsend v. State*, 605 So. 2d 767, 771 (Miss. 1992) – the witnesses in question were impeached with crimes inadmissible under Rule 609 only.  Moreover, in *Hopklins* and *Townsend*, the defendants were themselves the impeached witnesses.  A finding of prejudice would come more easily when the criminally accused is the target of the improper impeachment, but such is not the case in the instant matter. Because Wallace was impeached with evidence of one inadmissible crime and one admissible crime, I cannot reach the conclusion that the trial court's error was "of such magnitude as to leave no doubt that the appellant was unduly prejudiced." *Holladay*, 776 So. 2d at 672.

**RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.**