COLEMAN, Justice,
concurring in part and dissenting in part:
¶ 34. I agree with the majority that Baskin’s challenge to the sufficiency of his arrest warrant is procedurally barred and that the trial court erred in admitting impeachment evidence of a witness’s conviction for petty larceny. However, I believe the latter to be harmless error. Accord-
ingly, I would affirm the Court of Appeals and the trial court and, respectfully, I dissent in part.
¶ 35. “[F]or a case to be reversed on the admission or exclusion of evidence, it must result in prejudice and harm or adversely affect a substantial right of a party.... Error is reversible only where it is of such magnitude as to leave no doubt that the appellant was unduly prejudiced.” Holladay v. Holladay, 776 So.2d 662, 672 (Miss.2000) (citations omitted).
¶ 36. Without question, the trial court erred in admitting evidence of Wallace’s misdemeanor conviction for petty larceny for impeachment purposes, but the trial court did not err in allowing evidence of Wallace’s embezzlement conviction. See Miss. R. Evid. 609. Mississippi Code Section 97-23-19 provides, in pertinent part, that “[i]f any person shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use ...” goods or other things of value, then he is guilty of embezzlement. Accordingly, evidence of a conviction for embezzlement is admissible for impeachment purposes under Mississippi Rule of Evidence 609(a)(2) regardless of punishment, as it involves dishonesty or false statement.
¶ 37. In all three cases cited by the majority — Blackman v. State, 659 So.2d 583, 585 (Miss.1995); Hopkins v. State, 639 So.2d 1247, 1254 (Miss.1993); Townsend v. State, 605 So.2d 767, 771 (Miss.1992) — the witnesses in question were impeached with crimes inadmissible under Rule 609 only. Moreover, in Hopkins and Townsend, the defendants were themselves the impeached witnesses. A finding of prejudice would come more easily when the criminally accused is the target of the improper impeachment, but such is not the case in the instant matter. Because Wallace was *608 impeached with evidence of one inadmissible crime and one admissible crime, I cannot reach the conclusion that the trial court’s error was “of such magnitude as to leave no doubt that the appellant was unduly prejudiced.” Holladay, 776 So.2d at 672.
RANDOLPH, P.J., LAMAR AND PIERCE, JJ., JOIN THIS OPINION.